## Wm. C. Peyton *v.* A. A. Enos.—J. C. W. Spiers, Intervenor.

Curators or administrators are forbidden to purchase any property entrusted to their administration Such a sale is null and void. This does not apply, however, to a sale made by an heir of his interest in the succession to the administrator : such a nullity is relative, and does not avail any one except the vendor.

The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same ; the demand must be founded on the same cause of action ; the demand must be between the same parties, and formed by them against each other in the same quality. C. C. 2265.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J. *Vinans & Heath*, for plaintiff. *Hodge & Austin*, for defendants, intervenor and appellants.

VOORHIES, J. This is a petitory action for an undivided share in five slaves. The plaintiff claims to be the owner by purchase, of the interest of three of the heirs of *Josephine Dunn*, deceased. The surviving husband of the deceased, an intervenor in this cause, claims the ownership of the slaves for himself, and joins the defendant in assailing the transfer of title, set up by the plaintiff.

I. These slaves were the paraphernal property of *Josephine Dunn*, deceased. They were donated to her by her father, in the State of Mississippi, she being at the time, with her husband, domiciliated in the State of Louisiana.

II. It is contended that the purchase from the heirs of *Josephine Dunn*, deceased, is null and void, the plaintiff being at the time the administrator of the estate.

Curators and administrators are forbidden to purchase any property entrusted to their administration. C. C. 11, 99, 1784. Such a sale is declared to be null and void. This is, however, a relative nullity, " introduced exclusively in the interest of owners of the property of which that article forbids the sale." Rogron, C. N., 1596 ; 3 Delvincourt, pp. 66, 126, Notes ; *Ross* v. *Ross*, 3 An. 536. We must not be understood as holding that a sale made of his interest in the succession by an heir to the administrator, is a nullity, under the operation of the pro-

hibitory law above considered. · Locré, vol. 4, pp. 195, 149. But if there be nullity, then it is relative, and does not avail any one except the vendor.

This view of the law defeats the defendant and intervenor, who now question the validity of a sale, to which they were not even parties.

III. The plea of *res judicata* is without foundation; the demand in the former action was not founded on the same cause of action. C. C. 2265.

*J. C. W. Spiers* had brought a possessory action against *W. C. Peyton.* The latter claimed the right to retain possession, in his capacity as administrator and as transferee of the rights of *J. H. Spiers.* The matter was compromised. A consent judgment was rendered, giving up the possession of the slaves to the present intervenor, and adjudging to him the title of *Peyton.* Now the interest which *Peyton* sets up in the present action, has been acquired subsequently to rendition of this judgment; and as regards the succession of *Josephine Dunn*, deceased, it can hardly be contended that the judgment, rendered by consent in a possessory action, can debar a subsequent action in the petitory form.

The District Judge was correct in overruling the plea of *res judicata.*

It is therefore ordered, adjudged and decreed, that the judgment of the Court below be affirmed, with costs; and it is hereby ordered, that notice of the rendition of the present judgment shall be served by the Sheriff of the Parish of Caddo, upon the parties, in accordance with their agreement on file in this case.

LAND,· J., recused himself in this case.